MR. JUSTICE WEBER,
specially concurring:
I concur in the result reached by the majority that the Board of Adjustment has the power to reasonably restrict the number of waterfowl on plaintiffs’ property. However, I do not agree that the Board’s analysis of plaintiffs’ use of property was correct. I would therefore have reached the same conclusion but for different reasons.
Under the Bozeman Municipal Zoning Code, Section 18.04.020(b), agricultural use is defined as follows:
“Agricultural means the tilling of soil, the raising of crops, horticulture and gardening, dairying or animal husbandry, including customary uses incidental thereto, but not including any agricultural industry or business such as fruit, plants, fur farms, animal hospitals, commercial feed lots, or similar use.”
The Board concluded that the caring for wild waterfowl constituted an agricultural use. In apparent contradiction, the Board later concluded that the caring for wild waterfowl was similar to the keeping of fowl for family food production, and granted a variance under subsection J of the Zoning Code. While I disagree with the use of *286 subsection J, I would approve the Board’s conclusion for the following reasons:
The definition of agricultural use under the Zoning Code emphasizes that it does not include agricultural industry or business such as fruit, plants, fur farms, animal hospitals, commercial feed lots, or similar use. The drafters recognized that these types of agricultural industry or business use might be thought of as being agricultural use but concluded that such use did not qualify as agricultural use under this Zoning Code. I would conclude that the raising of wild waterfowl is similar to such things as fur farms and animal hospitals and that it could be classed as a “similar use” as mentioned at the end of the agricultural use definition. This would of course mean that a variance would be required before the Schendels would be allowed to proceed with such a business.
The function of a variance is to grant relief to a property owner against strict compliance with the general law. See 1.01 C.J.S. Zoning, § 269. Montana case law has established that the following conditions be present before the granting of a variance is proper: (1) the variance must not be contrary to the public interest; (2) a literal enforcement of the zoning ordinance must result in unnecessary hardship owing to conditions unique to the property; and (3) the spirit of the ordinance must be observed and substantial justice done. Cutone v. Anaconda Deer Lodge (1980), 187 Mont. 515, 521, 610 P.2d 691, 695. I would conclude that these conditions have been met in the present case. I would therefore affirm the decision of the Board to limit the number of wild waterfowl on the Schendels property, concluding that it was an appropriate variance on the above described agricultural use theory. I agree with the majority that substantial justice was achieved by the decision of the Board.